1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| **R.G. on behalf of M.G.,** | ) | CV F 10 - 1979 AWI DLB |
| **Plaintiff**, | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | **AND ORDER ON** |
| | ) | **DEFENDANTS' MOTION TO** |
| **CLOVIS UNIFIED SCHOOL** | ) | **DISMISS OR, IN THE** |
| **DISTRICT and MARY BASS, in her** | ) | **ALTERNATIVE FOR A MORE** |
| **official capacity as Director of the SELPA** | ) | **DEFINITE STATEMENT** |
| **and Director of Special Education and** | ) | |
| **Psychological Services for Clovis Unified** | ) | |
| **School District,** | ) | **Doc. # 14** |
| | ) | |
| **Defendants** | ) | |

17
18
19

        This is an action for declaratory and injunctive relief and compensatory education and

20

tuition reimbursement expenses by plaintiff R.G. on behalf of M.G. (collectively, Plaintiffs)

21

against defendants Clovis Unified School District ("Clovis" or "District") and Mary Bass in

22

her official capacity as Direction of Special Education Local Plan Area ("SELPA")

23

(collectively, "Defendants").  The complaint in this action was filed on October 20, 2010.

24

The currently-operative First Amended Complaint ("FAC") was filed on January 18, 2011.

25

All claims alleged in the FAC are pursuant to the Individuals With Disabilities Education Act

26

("IDEA") 20 U.S.C. §§ 1400 et seq.  In the instant motion, Defendants move to dismiss or

27

strike portions of the FAC or, in the alternative, for a more definite statement.  Defendants'

28

motion to dismiss challenges the existence of federal question jurisdiction pursuant to 28

U.S.C. § 1331.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following are facts alleged in the FAC.  These facts are presumed true for purposes of Defendants' motion to dismiss.

At the time of the filing of the FAC, M.G. was a 19-year old eligible student with a disability within the meaning of the IDEA.  M.G. has been classified as having mild to moderate mental retardation, cerebral palsy, a history of seizures and severe visual impairment due to ocular motor functioning.  Students with disabilities under the IDEA receive triennial assessments, the purpose of which is to determine an Individual Education Plan ("IEP").  The IEP is formulated by a team of educators (the "IEP Team") and includes the input and participation of the student and the student's parent(s)/guardian.  Input into the IEP process includes evaluations of the student's disabilities, progress in skills acquisition, responses to different educational approaches, and similar inputs.  The IEP, when carried out, is to provide the student with a Free Appropriate Education ("FAPE") in the Least Restrictive Environment ("LRE").

Plaintiffs allege the IEP for the 2010-2011 school year proposed placement of M.G. in the LINKS Program; a segregated secondary education program serving exclusively students with disabilities similar to M.G.'s.  Plaintiffs contend that the placement was proposed without adequate consideration of the ability of the LINKS program to provide appropriate education for M.G., without consideration of M.G. particular disabilities, and without consideration of any alternative, less restrictive (meaning less segregated) alternative.  Plaintiffs allege a number of concerns regarding the ability of the LINKS program to teach important life skills including the amount of time allocated to substantive learning, the amount of time spent in social activities, the amount of time and opportunities for work experience and the amount of opportunity for educational experience within populations of students without disabilities.

The FAC alleges that R.G., having concluded that the IEP offered was deficient with regard to providing an appropriate reading program, paid for private reading tutoring to augment M.G.'s reading program.  Also, having concluded that the IEP did not offer a FAPE in the least restrictvie environment, R.G. enrolled M.G. in a program at Fresno City College and transported M.G. to and from the college for classes.  On behalf of M.G., R.G. refused to sign the proposed November 2009 IEP for the 2010-2011 school year.  Because M.G. refused to sign the IEP, Clovis filed a Request for Due Process Hearing (Administrative Due Process Complaint) on January 19, 2010.  Clovis asserted three claims for determination.  First, Clovis claimed that the IEP proposed for the 2010-2011 Extended School Year ("ESY") and for the 2010-2011 school year would provide M.G. with a FAPE in the LRE.  On February 11, 2010, Clovis added a claim asserting that its evaluation of M.G.'s Speech and Language Skills ("S/L") of November 9, 2009, was appropriate and that M.G. was not entitled to an Independent Education Evaluation ("IEE") in this area; and a claim that its evaluation of M.G.'s reading skills of the same date was appropriate and that M.G. was not entitled to an IEE in this area either.

The Administrative Law Judge ("ALJ") sitting for the Office of Administrative Hearings ("OAH") issued his opinion and order on July 22, 2010 (hereinafter the "Decision").  Plaintiffs' FAC purports to be an appeal of the ALJ's Decision.  As will be discussed *infra*, the parties dispute the precise scope of the issues that were adjudicated in the ALJ's Decision and therefore administratively exhausted for purposes of this court's subject matter jurisdiction.  Plaintiffs contend that the ALJ's Decision finding that M.G.'s S/L evaluation was appropriate and that the IEP would provide a FAPE in the LRE were erroneous as a matter of law because certain legal tests were not applied and/or certain alternatives or assessments were not incorporated into the Decision.  Defendants contend that Plaintiffs are raising claims in this appeal that were not raised before the ALJ and are therefore not exhausted.  Defendants also contend that Plaintiffs have failed to state claims

for which relief can be granted.

Defendants filed the instant motion to dismiss on January 31, 2011.  Plaintiffs'
opposition was filed on February 16, 2011, and the Defendants' reply was filed on February
28, 2011.  Hearing on Defendants' motion to dismiss was vacated and the matter was taken
under submission as of March 7, 2011.

**LEGAL STANDARD**

Defendants assert a number of grounds for dismissal of Plaintiffs' claims.
Principally, Defendants move to dismiss on the ground the court lacks subject matter
jurisdiction over Plaintiffs' allegedly non-exhausted claims pursuant to Rule 12(b)(1) of the
Federal Rules of Civil Procedure and that Plaintiffs claims fail to state claims for which relief
can be granted pursuant to Rule 12(b)(6).  Rule 12(b)(1) of the Federal Rules of Civil
Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a
fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal
jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger,
437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter
jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This
burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper
basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General
Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a
defendant challenges jurisdiction "facially," all material allegations in the complaint are
assumed true, and the question for the court is whether the lack of federal jurisdiction appears
from the face of the pleading itself.  Thornhill Publishing Co. v. General Telephone
Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n,
549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D.
Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the

4

pleadings.  Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

5

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Defendants assert a total of ten grounds for dismissal of various portions of the FAC and/or to strike specified claims or, in the alternative, to require a more definite statement. The court will consider each ground in order.

## I. Subject Matter Jurisdiction Over "Potential Claims"

Defendants first contend that the court lacks subject matter jurisdiction over what they term several "Potential Claims" that are suggested, if not directly stated, in the FAC.  The crux of Defendants' argument with regard to the court's subject matter jurisdiction is that the FAC contains several allegations that are freestanding claims under the IDEA and that were not within the scope of the ALJ's decision and therefore remain unexhausted.  Plaintiffs do not dispute that any claim pursuant to the IDEA must be administratively exhausted before it can be heard in federal court.  Plaintiffs' basic contention is that what Defendants term unexhausted freestanding claims are, in fact, issues that were necessarily decided by the ALJ in the process of making administrative findings on the issues presented by Defendants in their administrative appeal.

Defendants recognize that Plaintiffs' FAC "seeks reversal of the OAH Decision as to Plaintiff[s'] right to an S/L at District Expense as well as the determination that the IEP provided [M.G.] with a FAPE in the LRE." Doc. # 14 at 26-28.  Defendants contend that the FAC also contains additional "Potential Claims" that are alleged in both the "Facts" section in the FAC and in the "Claims" section.  Defendants contend the "Facts" portion of the FAC contains the first of the "Potential Claims" which they construe to allege that the "'district

6

refused to incorporate any of the recommendations of Parent's [privately obtained speech and language evaluation] into Student's educational program for the proposed 2010-2011 school year.'" Doc. #14 at 11:9-12.  As Defendants point out, the FAC contains a single substantive claim for relief which is titled "Violations of the IDEA."  Within that single claim for relief, Defendants contend Plaintiffs have placed a "composite" of claims among which they identify three as being "Potential Claims" for purposes of their argument.  The first of these is construed by Defendants to allege that "Defendants 'failed to provide M.G. the full continuum of alternative placements,' (FAC Page 15, ¶ 68); that Defendants 'failed to provide M.G. with an education in the LRE,' (FAC Page 15, ¶ 70); and that the 'recommendations of the independent [speech and language ] evaluation [obtained privately by R.G.] were not incorporated into the IEP' (FAC Page 16, ¶ 78)[1]."  Doc. # 14 at 11:18-22.

The court finds Defendants' arguments regarding non-exhaustion of Plaintiffs' "Potential Claims" unpersuasive.  Basically, Defendants' argument expresses a blurring of the distinctions between a claim, an issue within a claim, and a fact in support of or in opposition to a given issue or claim.  The requirement of exhaustion applies "[w]hen a plaintiff has alleged *injuries* that could be *redressed* to any degree by IDEA's administrative procedures and remedies."  Robb v. Bethel Sch. Dist. No. 403, 308 F.3d 1074, 1048 (9th Cir. 2002).  Thus, for purposes of this court's analysis a *claim* subject to the exhaustion rule under the IDEA is an issue upon which the plaintiff specifically seeks relief in the federal court.  Pursuant to Robb, each "claim" in the FAC subject to the exhaustion requirement must have a corresponding prayer for relief that could have been, but was not, provided by IDEA's administrative procedures.  The court can therefore determine what "claims" are asserted by Plaintiffs by examining the prayers for relief and can determine if those "claims" have been exhausted by determining if they were raised in and denied by the OAH Decision.

---

[1]   This allegation repeats the first of the alleged "Potential Claims."  Thus, the court and Defendants refer to three "Potential Claims."

Not counting attorney's fees and "[a]ny additional relief that the court may award," the FAC requests six prayers for relief.  Plaintiffs' second, third and sixth prayers for relief request  (2) "[t]uition reimbursement for any and all monies that R.G. paid to provide M.G. an appropriate education in the least restrictive environment for the 2010-2011 school year, (3) "[c]ompensatory education to compensate M.G. for the denial of an appropriate education in the least restrictive environment for the 2010-2011 school year," and  (6) "[a]n academic program for M.G. that ensures that the program will provide here with meaningful benefit."  Each of these three prayers for relief arises from and seeks to redress Plaintiff's acknowledged claims that the IEP provided for the 2010-2011 school year failed to provide M.G. with a FAPE in the LRE and directly challenges the OAC Decision's contrary finding that the "2009 IEP provided [M.G.] with a FAPE in the LRE . . . ."  Exh. "A" to Doc. # 14 at 36.

In a similar vein, Plaintiffs' fourth and fifth prayers for relief request "[s]ervices to compensate M.G. for direct speech and language services she has missed due to the District's failure to offer appropriate S/L services in its offered IEP," and reimbursement for the cost of the IEE M.R. obtained for M.G. at her own expense, respectively.  Doc. # 12-1 at 17, ¶¶ 4 and 5.  Plaintiffs' first prayer for relief requests that the court declare that M.G. "is entitled to an IEE at public expense pursuant to the IDEA when she disagrees with the conclusions, recommendations, or proposed goals in the District's evaluation where District has relied on those conclusions, recommendations or proposed goals in the formulation of its proposed IEP."  These requests for relief arise out of and seek remedy for Plaintiffs' acknowledged claim for relief alleging M.G. is entitled to an IEE in speech and language at public expense and directly challenges the ALJ's ruling to the contrary.

There are no other prayers for relief set forth in the FAC.  The court therefore concludes there are no other "claims" in the FAC that might require exhaustion.  The court specifically finds that the first and third  "Potential Claims" listed above – that Defendants

'failed to provide the full continuum of alternative placements, and that the recommendations of the privately obtained independent S/L evaluation were not incorporated into the IEP' – are not "claims" within the meaning of IDEA's exhaustion requirement.  Plaintiffs do not request in the FAP that M.G. be provided with the full continuum of alternative placements, nor do they request that the private S/L evaluation be incorporated into the IEP.  The court therefore finds that the first and third of the alleged "Potential Claims" are not claims at all, but are arguments in support of Plaintiffs' acknowledged underlying claims.

The second of the examples of "Potential Claims" cited by Defendants – that Defendants 'failed to provide M.G. with an education in the LRE – is not a potential claim, it is an actual claim.  The allegation that the IEP failed to provide an education in the least restrictive environment is contained within the more generalized allegation that the IEP failed to provide an FAPE in the LRE, a claim that was admittedly explicitly raised in the FAC and that directly challenges the ALJ's determination to the contrary.  The court concludes Plaintiffs' claim for failure to provide an education I the LRE is exhausted just as the claim that the ALJ erroneously determined that IEP fails to provide M.G. with a FAPE in the LRE is exhausted.

While the court finds there are no unexhausted "Potential Claims" in the FAC, the court recognizes the possibility that Defendants may have intended to challenge the ability of Plaintiffs to put forward facts or arguments - for example the argument that the IEP offered by Defendants failed to provide for an FAPE in the LRE *because* the ALJ failed to require that the IEP team incorporate the IEE in speech and language into the IEP – for the first time in this court.  In other words, the court feels it should consider the possibility that Defendants' argument on unexhausted "Potential Claims" is actually a mislabeling of an argument for waiver of argument.

Generally, "arguments not raised in front of a hearing officer cannot be raised for the first time on appeal to the district court."  Mark M. *ex rel.* Aidan M. v. Hawai'i Dept. Edu.,

2001 WL 280954 (D. Hawai'i 2001) at * 5.  "Further, an argument will not be waived even if it is not raised as a stand alone issue provided it was submitted as evidence of a denial of a FAPE."  Id. (citing B.T. v. Department of Education, 676 F.Supp.2d 982, 989 (D. Haw. 2009).  "Thus, while it is true that to avoid waiver an issue may be raised as evidence of a denial of a free and public education ("FAPE") rather than as a separate claim for relief, it must still be somehow raised at the administrative level.  C.B. ex rel. N.B. v. Dept. of Education, 2010 WL 5389785 (D. Hawai'i 2010) at *6.  Based on this authority the court concludes Plaintiffs are not prevented from raising an argument or issue so long as the argument or issue was before the OAC hearing officer either as a stand alone issue that was litigated or as an argument or issue used to argue the denial of an FAPE in the LRE.

At the risk of oversimplifying a point that may, in fact, be more complex, the court conceives exhaustion as a requirement that applies to *claims* as defined earlier in this discussion.  The court conceives *waiver* as a doctrine that, for purposes of this analysis, applies to issues or facts that are offered in support of the underlying allegation that a FAPE in the LRE was denied to Plaintiffs.  For purposes of waiver analysis, the determining factor is what facts/arguments were before the ALJ, not the issues that were adjudicated.  Although the court has before it the ALJ's Decision, the Plaintiffs are entitled to refer to the entirety of the administrative record to establish the facts/issues that were before the ALJ.  See B.T. *ex rel.* Mary T, 676 F.Supp.2d at 989 (court reviews administrative record to determine if issue was raised as part of plaintiff's argument).  The administrative record is not before the court at this point in the proceeding.  The court therefore finds that, to the extent Defendants may have intended to assert waiver of issues or factual argument,  the issue of waiver cannot be determined at this time.

The court will deny Defendants' motion to dismiss Plaintiffs' "Potential Claims" pursuant to Rule 12(b)(1).  If Defendants wish to assert any arguments with regard to waiver, they may do so later in a motion for summary judgment.

**II. Subject Matter Jurisdiction Over Claims Against Mary Bass**

Defendants move to dismiss all claims against individual Defendant Mary Bass ("Bass") on the ground that the claims were not exhausted as to her.  In the alternative, Defendants move to dismiss Defendant Bass on the ground she "is not amenable to suit in her official capacity."  Doc. # 14 at 7:3-4.  Defendants' contentions with regard to unexhausted claims against individual Defendant Bass are without merit.  Defendants offer no legal basis for the proposition that claims must be exhausted against individual defendants where the same claims were exhausted with regard to the institutions that employed the individual defendant.  It is true that a claim cannot be brought against an agency under the IDEA where the plaintiff did not assert administrative claims against the agency and where the agency had power to address in some part the claims.  Sassart v. Lakeside Joiint Shcood Dist., 2009 WL 3188244 (N.D. Cal. 2009) at *8.  However, Defendants cite no authority for the reverse proposition that claims that are asserted against an individual who was employed by an agency that was party to the administrative proceedings need to be separately exhausted as to that particular employee.

Defendants alternative contention that individual Bass is not amenable to suit as an individual in her official capacity has merit insofar as monetary claims against her are concerned.  "[T]he IDEA does not permit an award of any monetary relief, including tuition reimbursement and compensatory education, against individual school officials who are named in their personal capacities as defendants in an IDEA action."  Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 34-35 (1 Cir. 2006).

"Indeed, the plain text of the statute authorizes reimbursement of educational expenses only against the agency, not against any of its officials. See 20 U.S.C. § 1412(a)(10)(C)(ii) ("If the parents of a child with a disability, who previously received special education and related services under the authority of a public agency, enroll the child in a private elementary school or secondary school without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a [FAPE] available to the child in a timely manner prior to that enrollment." (emphasis added)). That only the public agency is liable for reimbursement follows naturally from the fact that Congress assigned to the agency the ultimate responsibility for ensuring FAPE.

1    Id. at 35.

2           Thus, Defendants are correct insofar as they contend that Bass cannot be held liable

3    for any monetary reimbursement.  It is not at all clear that individual defendants acting in

4    their individually capacities are similarly immune from suit for injunctive relief.  While it is

5    clear to the court that Defendants have not established that Bass is immune from suit for

6    injunctive relief, the court does not find that Plaintiffs' FAC have alleged a claim for

7    injunctive relief against Bass.  Because the court has authority to reverse the ALJ's Decision

8    and to enjoin relevant agencies to provide the remedies available under the IDEA, there is no

9    obvious reason why any individual in this action must be held to defend claims for injunctive

10   relief.  The court will therefore dismiss Bass from this action with leave to amend to clearly

11   allege claims for specific injunctive relief against Bass and the reasons therefore.

12   **III.  Court's Jurisdiction Over Plaintiff's Claim of Failure to Educate in the LRE**

13          Defendants title their next contention thus: "This court lacks subject matter

14   jurisdiction over Plaintiffs' claims of failure to educate in [the] least restrictive environment

15   and [such claims] must be dismissed from the FAC for want of exhaustion [because they

16   were not] raised below."  Doc. # 14 at 15:10-13.  The court finds Defendants' contention

17   ambiguous.  Is it Defendants' contention that the issue of whether the IEP failed to place

18   M.G. in the least restrictive environment was not before the OAC, or is it Defendants'

19   contention that they are not liable for expenses R.G. incurred when she placed M.G. in the

20   community college and paid tuition and transportation expenses?  Or both?

21          Defendants point out that the issue presented to the ALJ was whether the IEP "was

22   reasonably calculated to provide [M.G.] with meaningful educational progress?"  See Doc.

23   14-1 at 7.  While it is true that Defendants framed the issues presented to the ALJ in the OAC

24   proceeding and Defendants used the wording alleged in their statement of issues presented,

25   Defendants fail to present any authority for the proposition that what the OAC actually

26   adjudicates is delimited by the choice of words used to describe the issues presented.

27

28                                              12

Significantly, the ALJ's Decision recites the contentions of the parties and notes that Defendants contend that the District's proposed IEP "was reasonably calculated to provide [M.G.] with meaningful educational progress *in the LRE*.  Doc. # 14-1 at 8 (italics added). Similarly, the ALJ noted Plaintiffs' contention that the District's proposed IEP would place M.G. "in segregated programs that do little to prepare her to get a job and live independently." Id. at 8.  Further, the ALJ's Decision reflects IDEA's requirement for appropriate education in the least restrictive setting and reflects the parties contentions as to whether the standard was met. See id. at 16.  Finally, the ALJ's Decision finds that the "District's November 5 and 19, 2009 IEP provided [M.G.] with a FAPE in the LRE . . . ." Id. at 41.

To the extent it is Defendants' contention that the issue of "least restrictive environment" was not addressed and adjudicated by the OAC, that contention is simply counter-factual as shown above.  To the extent there is a suggestion that the issue was not exhausted simply because the words "least restrictive environment" do not appear in the issues presented section of the ALJ's Decision, there is absolutely no support for the proposition that it is the wording of the issues presented section that determines the scope of the ALJ's decision.

To the extent it is Defendants' contention that Plaintiffs' request for reimbursement for monies spend in providing a less restrictive educational environment at Fresno City College is a free-standing claim subject to the exhaustion requirement, the court finds the contention unsupported.  Pursuant to 20 U.S.C. § 1415(i)(2)(C), a district court is authorized, upon a finding that a free appropriate education has not been provided, to "provide such relief as [it] determines is appropriate." See generally, Frank G. v. Bd. of Edu., 459 F.3d 356 (2 Cir. 2006) (holding that section 1415(i)(2)(C) authorizes reimbursement under a broad set of circumstances upon a finding of depravation to a FAPE).  The court thus finds that reimbursement is not a stand-alone issue that must be exhausted, it is a remedy the court can

supply upon a proper finding.

The court concludes Defendants' contentions with regard to the court's jurisdiction over Plaintiffs' claims regarding "least restrictive environment" are without merit.  The motion to dismiss on that ground will be denied.

**IV.  Plaintiffs' Claims on Speech and Language Evaluation**

In the FAC, Plaintiffs quote the ALJ's Decision as finding that "[t]he District's November 2009 speech and language assessment was appropriate.  The District is not liable for the costs of a speech and language IEE."  In the FAC, Plaintiffs state that the purpose of the instant action is, *inter alia*, to appeal the part of the ALJ's Decision whereby it was ruled that "M.G. was not entitled to an Independent Educational Evaluation ("IEE") because the District's November 2009 Speech and language assessment was appropriate."  Doc. # 12-1 at 2.  The court has carefully reviewed the FAC, in particular the portion of the FAC that describes Plaintiffs' contentions with regard to the IEE.  Construing the FAC in the light most favorable to Plaintiffs, the court finds Plaintiffs' claim with regard to the IEE has two aspects.  First, Plaintiffs challenge the ALJ's conclusion that the District's speech and language assessment was appropriate; that is, Plaintiffs assert the assessment wrongly concluded that continuing one-on-one "Speech/Language services are not needed in order for Student to make progress on goals and objectives within her current educational setting" and the ALJ wrongly concurred with that assessment.  Second, Plaintiffs contend that R.G. is entitled to "an IEE [at public expense] if she disagrees with an evaluation obtained by the public agency and requests an IEE at public expense."

Section 300.502 of Title 34 of the Code of Federal Regulations provides that:

(1) A parent has the right ot an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the pubic agency, subject top the conditions in paragraphs (b)(2) through (4) of this section.

(2) If a parent requests an independent education evaluation at public expense, the public agency must, without delay, either –

14

(i) File a due process complaint to request a hearing to show that its evaluation is appropriate; or

(ii) Ensure that in independent educational evaluation is provided at public expense, unless the agency demonstrates in a hearing pursuant to §§ 300.507 through 300.513 that the evaluation obtained by the parent did not meet agency criteria.

(3) If the public agency files a due process complaint notice to request a hearing and the final decision is that the agency's evaluation is appropriate, the parent still has the right to an independent educational evaluation, but not at public expense.

34 C.F.R. §§ 300.502(b)-(3).

Defendants contend that Plaintiffs have not alleged that the evaluation of M.G. speech and language skills was not "appropriate" and therefore have not stated a claim upon which relief can be granted. Defendants note that Plaintiffs conceded in the appeal below that the individual that performed the S/L evaluation was qualified to do so and that the S/L evaluator used appropriate evaluative tools. Plaintiffs contend that the term "appropriate" incorporates both procedural and substantive dimensions. Plaintiffs contend that, even though M.G.'s S/L evaluation was procedurally proper, the conclusion reached – that M.G. would not benefit from further one-on-one education – was erroneous. Plaintiffs contend that because the improper substantive conclusion reached, M.G.'s S/L evaluation was not "appropriate" and the ALJ's determination to the contrary was erroneous.

Significantly, the case Defendants rely upon to support the implied contention that the failure to challenge the fitness of the S/L evaluation tool or to challenge the qualifications of the evaluation administrators constitutes insufficient pleading undercuts that very contention. The decision in J.P. *ex rel.* E.P. v. Ripon Unified School Dist., 2009 WL 1034993 (E.D. Cal. 2009) was a decision on summary judgment, not on a motion to dismiss. The court in J.P. held, with regard to a challenge of the S/L assessment, that the plaintiffs "failed to meet their burden of *proof* in showing that the ALJ erred in finding the District's Speech and Language Assessment appropriate." Id. at *7 (italics added). The court's decision in J.P. makes it clear that what was being challenged there was the sufficiency of proof, not the sufficiency of

15

pleading.  While the J.P. court noted that the plaintiffs did not challenge the manner in which the testing done by the evaluators or the validity of the tests being administered, there is nothing to indicate the court would have granted a motion to dismiss on those grounds.  The court's analysis in J.P. indicates that the court considered a wide variety of facts, many of which this court would not expect would be alleged in a complaint.

In the present context of a motion to dismiss, the only plausible instruction the court can draw from the court's decision in J.P. is that the  "appropriateness" of a student evaluation (and the ALJ's finding on the issue) should not be decided upon a motion to dismiss where the sole ground for dismissal is that the complaint fails to allege any defect in procedure, fitness of the test, or competence of the evaluators.  The court finds Defendants have failed at this stage of the proceeding to carry their burden to show that Plaintiffs have failed to plead a claim for relief upon which relief can be granted with regard to the appropriateness of the S/L evaluation.

Defendants' motion to dismiss on that ground will therefore be denied.

**V.  Defendants' Contentions Regarding ALJ's Application of <u>Rachael H.</u>**

Defendants' arguments for dismissal on the grounds labeled VI and VII in Defendants' motion to dismiss challenge Plaintiffs' general allegations that the ALJ failed to correctly apply the four-factor test in <u>Sacramento County Unified School Dist. v. Rachel H.</u>, 14 F.3d 1398 (9 Cir. 1994) in determining whether the IEP offered by Defendants provided a FAPE in the LRE.  The first of Defendants' two arguments is titled, "The FAC's Claim of ALJ Error in Misapplying the First Factor of the *Rachel H.* LRE Test Fails to State a Claim Under the IDEA."  The second of the two arguments is titled "The Claim in the FAC of an Abuse of Discretion by the ALJ in Failing to Make Findings Under *Rachel H.* Fails to State a Claim for Relief Under the IDEA."  Both arguments are asserted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Both of Defendants' arguments are essentially disputations of what Plaintiffs alleged

16

in the FAC regarding what the ALJ did or did not consider and find in the OAH Decision.

Defendants appear to recognize that a motion to dismiss is normally decided on the

assumption that the facts alleged in the complaint are true, but argue that:

> the court may disregard allegations in the complaint if contradicted by facts
> established by reference to documents attached as exhibits to the complaint.
> [Citation.] Under certain circumstances, the court may also refer to documents
> upon which a complaint naturally relies but are not in fact attached tot he
> complaint. *Branch v. Tunnel*, 14 F.3d 499 449, 454 (9 Cir. 1994).

Doc. # 14 at 19:17-24.  The rule announced in <u>Branch</u> states: "As it makes sense and

comports with existing practice, we hold that documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such

consideration does not convert the motion to dismiss into a motion for summary judgment."

<u>Id.</u> (Internal quote and reference omitted).

For purposes of this discussion the court finds it may make reference to the OAH

Decision without converting the motions before it to motions for summary judgment.  That

said, Defendants arguments are not sufficient to warrant dismissal of Plaintiffs' claims at this

stage of the proceeding.  The primary reason for this is that the allegations set forth in the

FAC that are quoted by Defendants as being negated by the OAH Decision are, construed in

the light most favorable to Plaintiffs,  not "facts" subject to negation by examination of the

Decision.  Rather, the quoted portions of the FAC are characterizations of the incompleteness

of the ALJ's consideration, or arguments that the ALJ's reasoning produced faulty findings.

Defendants' first argument focuses on the portion of the FAC in which Plaintiffs

allege:

> "OAH's decision incorrectly compares 'academic' versus 'vocational'
> educational needs (Decision ¶¶ 35-36 at 11), rather than determining whether
> all of Student's individual needs could be met with the necessary supports,
> services, and modifications in an integrated setting.  In doing so the ALJ
> misapplied the first prong of the [*Rachel H.*] test rendering the conclusion
> erroneous as a matter of law."

Doc. # 12 at 10:8-12.  Construing the FAC in the light most favorable to Plaintiffs, as the

17

court must, the court finds that the sentences quoted are essentially an *argument* that seeks to characterize the cited portion of the Decision as incomplete or improperly reasoned.

In the second argument, Defendants focus on the portion of the FAC wherein Plaintiffs allege "[t]he ALJ abused his discretion in failing to make findings under the <u>Rachel H.</u> test that would support his conclusions that M.G. was educated in the least restrictive environment."  [. . . . ¶] The ALJ erred as a matter of law by not requiring Clovis to set forth evidence that it had failed in its attempt to educate M.G. in the general education environment with the appropriate supports and services."  Again, the court interprets these sentences as argument seeking to highlight what Plaintiffs contend are weak spots in the ALJ's analysis.

It appears to the court that Defendants are essentially attempting to parse out factual allegations or arguments that Plaintiffs offer in support of their contentions, label those allegations or arguments as "issues" or "claims" and convince the court that those "issues" or "claims" can be litigated in the context of a motion to dismiss.  Defendants' arguments fail because a motion to dismiss is not the proper means by which factual allegations or arguments based on factual allegations in the FAC are to be contested.  The fact that the OAH Decision addressed the categories of the <u>Rachel H.</u> four-factor test[2] does not, by itself, negate the contention that the test was erroneously applied in this case.  Further, as previously noted, in supporting their contention that the ALJ's conclusions were erroneous, Plaintiffs are free to utilize all the facts that were before the ALJ, not simply the Decision itself.

Plaintiffs correctly note that a motion to dismiss is not the proper legal setting for the examination of the factual bases of Plaintiffs' claims.  What must remain in focus is the fact that the issue to be litigated by the court is whether the ALJ's determination that the District's

---

[2]    While it is not important to the court's discussion what the <u>Rachel H.</u> factors are, for purposes of background they may be summarizes as: (1) educational benefits to the plaintiff of full-time placement in regular classes, (2) the non-academic benefits of such placement, (3) the effect of the plaintiff on the regular classroom environment and (4) cost of mainstreaming.  <u>Rachel H.</u>, 14 F.3d at 1404.

IEA was reasonably calculated to offer M.G. a FAPE in the LRE was correct.  If Defendants dispute a characterization of the ALJ's analysis in the OAH's Decision, or dispute what is or is not reflected in that Decision, the proper context for such dispute is a motion for summary judgment.

Defendants motion to dismiss based on the arguments set forth at numbers VI and VII of Defendants' motion to dismiss will be denied.

## VI.  Defendants' Contentions Regarding Less Restrictive Placement Options

Defendants' assert two arguments that pertain to Plaintiffs' contentions regarding whether the ALJ considered and correctly decided that the IEP's placement of M.G. in the segregated educational environment of the LINKS program was reasonably calculated to provide a FAPE in the LRE.  Defendants' motion to dismiss with regard to these issues is pled pursuant to Rule 12(b)(6).  The first of the two arguments, set forth at number VIII of Defendants' motion to dismiss is titled, "The Claim of ALJ Error in Failing to Consider Alternative Less Restrictive Placement Options for [M.G.] in the FAC Must Be Dismissed as it Fails to State a Claim Under the IDEA."  The second of the arguments set forth at number IX of Defendants' motion is titled "[t]he FAC Fails to State a Claim of ALJ Error in Asserting that the ALJ Failed to Require the District to Set Forth Evidence at the Due Process Hearing 'That It Had Failed in its Attempt to Educate M.G. in the General Education Environment."

Defendants' arguments fail for exactly the same reason as above; Defendants are again attempting to characterize arguments as claims and inviting the court to litigate them in a 12(b)(6) motion to dismiss.  There is no "*claim*" of ALJ error in failing to consider less restrictive alternative placement for M.G., there is an *argument* that the decision of the ALJ with respect to M.G.'s placement was erroneous because, *inter alia,* evidence of consideration of less restrictive placement is lacking.  For purposes of a motion to dismiss, the court does not consider the relative merits of *arguments*, it *assumes* the ALJ's

19

consideration of alternative placement options was absent or incomplete and decides if that assertion is sufficient to support the underlying *claim* that the ALJ was erroneous in deciding that the IEP was reasonably calculated to provide a FAPE in the LRE.  The same general principle is applicable to the second of Defendants' arguments.

The court will deny Defendants' motions to dismiss Plaintiffs' "claims" with regard to placement in the least restrictive environment.

**VII.  Defendants Motions to Strike**

At number X of Defendants' motion to dismiss, Defendants move to strike portions of the FAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  To a large extent, Defendants' motions to strike track Plaintiffs' prayers for relief.  Thus, Defendants move to strike Plaintiffs' prayers for monetary relief to reimburse educational expenses at Fresno City College and to provide compensatory education for direct speech and language services missed.  Defendants also move to strike the prayers for relief for compensation cost of the IEE and for attorney fees to the extent the FAC requests attorney fees from individual Defendant Bass.

Defendants contend that Plaintiffs' prayer for reimbursement for education provided by R.G. and the prayer for compensatory education to make up for academic education missed are duplicative.  The court disagrees.  Again, interpreting the FAC in the light most favorable to the non-pleading party, the court finds that the prayer for reimbursement is retrospective and the prayer for compensatory education is prospective.  That is, the court finds that Plaintiffs' prayer for compensatory is prospective in that the services requested – and therefore the expense to be incurred – are to be provided in the future even though the reason for the prayer is based on educational opportunities lost in the past.  Because the court has not dismissed Plaintiffs' action to reverse the ALJ's Decision, the remedial powers of the court under 20 U.S.C. § 1415(i)(2)(C) remain in play.

In a similar vein, Defendants move to strike the Prayer for Transportation and Tuition

20

Reimbursement because "tuition and reimbursement [are] impertinent to the matters properly before the court [. . .] because the prayers relate to an unexhausted placement issue that was not litigated below." Doc. # 14 at 27:1-4. The gist of Defendants' motion is that, although the ALJ did litigate the issue of whether the placement of M.G. in the segregated LINKS program was appropriate, the claim for reimbursement necessarily rests on the un-litigated and therefore unexhausted claim that education at Fresno City College was appropriate. Defendants' contention is contrary to established law. Pursuant to School Comm. of Burlington v. Dep't of Edu., 471 U.S. 359 (2000) ("Burlington"), a parent may petition for reimbursement for expenses incurred in placing the student in an educational environment[3] not specified in the IEP. Reimbursement may be claimed upon a showing that (1) the IEP proposed by the school district was inappropriate, and (2) the alternative placement was appropriate. Id. at 370; Frank G., 459 F.3d at 363. The point made by Burlington for present purposes is that the district court, upon making a finding that the IEP was inappropriate, has jurisdiction to find whether the alternative placement was appropriate even though that issue was not litigated below. Given that Defendants have not prevailed in their effort to dismiss Plaintiffs' challenge to the ALJ's determination that the IEP was appropriate, Plaintiffs' prayer for reimbursement is not impertinent or irrelevant.

Defendants also move to strike Plaintiffs' prayer for attorney fees to the extent there is a prayer for relief for attorney fees against individual Defendant Bass. So far as the court is concerned, there is no reason to strike claims, or potential claims, against dismissed parties. The court has held that individual Defendant Bass is not liable for any monetary claims and has dismissed her subject to amendment of the complaint. The motion to strike the prayer for attorney fees as to Bass will be denied as moot.

Defendants' motions to strike will be denied and denied as moot.

---

[3]     The Court in Burlington decided whether reimbursement was available where the alternative placement had been made into a private educational setting. This court sees no necessary distinction between alternative private and public placement so long as the court finds the placement appropriate.

21

**VIII.  Defendants' Motion for a More Definite Statement**

Defendants' motion for a more definite statement is based primarily on their contention that the FAC sets forth "Potential Claims" that are numerous, uncertain, and unclear.  While the court agrees that the FAC does suffer somewhat from less-than-crisp-and-concise drafting, the "Potential Claims" cited by Defendants are primarily the product of a strained and improperly hyper technical interpretation of the FAC.

This court has concluded there are no "Potential Claims" set forth in the FAC.  As the FAC states, and both parties acknowledge, Plaintiffs' action seeks reversal of (1) the ALJ's ruling that M.G. was not entitled to an IEE because the District's November 2009 speech and language assessment was appropriate, and (2) the ALJ's ruling that District's November 5 and 19, 2009, IEP provided M.G. with a FAPE in the LRE.  As the court has determined, everything else in the FAC is either argument or a request for the court to apply its remedial powers to either or both of the two claims pled.  With that as background, the parties should have no problem proceed on the basis of the FAC except to the very limited extent that Plaintiffs may choose to amend the FAC to include specific claims for injunctive relief applicable to individual defendant Bass and may allege facts to show why such relief is necessary and warranted.  Defendants motion for a more definite statement will therefore be denied.


THEREFORE, in consideration of the foregoing, it is hereby ORDERED that:

1.      Defendants' motion to dismiss as to individual Defendant Bass is hereby GRANTED.  Individual Defendant is hereby DISMISSED.  Leave to amend the FAC is granted, limited to amendment solely for the purpose of pleading a claim for injunctive relief against Bass and alleging facts an law in support thereof.  Any amendment for that limited purpose must be filed and served within twenty (20) days of the service of this memorandum opinion and order.

2.      In all other respects, Defendants' motions to dismiss, to strike and for a more definite

statement are each DENIED.

IT IS SO ORDERED.

Dated:   March 22, 2011                          _____

                                        CHIEF UNITED STATES DISTRICT JUDGE

23