IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.G. on behalf of M.G.,<br><br>        **Plaintiff**,<br><br>     v.<br><br>**CLOVIS UNIFIED SCHOOL DISTRICT,**<br><br>        **Defendant** | CV F 10 - 1979 AWI DLB<br><br>**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Doc. # 14 |

      This is an action for declaratory and injunctive relief and compensatory education and tuition reimbursement by plaintiff R.G. on behalf of M.G. (collectively, Plaintiff) against defendant Clovis Unified School District ("Defendant").  On March 22, 2011, the court issued a memorandum opinion and order (the "March 22 Order") dismissing individual Defendant Mary Bass and otherwise denying Defendants motion to dismiss Plaintiff's First Amended Complaint ("FAC").  In the instant motion, Defendant seeks reconsideration of certain limited portions of the court's March 22 Order.  For the reasons that follow, Defendant's motion for reconsideration will be denied.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

      The currently operative FAC was filed by R.G. on behalf of M.G. on January 24, 2011.  All claims set forth in Plaintiff's FAC were set forth pursuant to the Individuals With Disabilities Education Act ("IDEA").  The parties agree that M.G. is a person with a learning

disability within the meaning of the IDEA.  Pursuant to the IDEA, the parties in this action engaged in a yearly reassessment of an Individual Education Plan ("IEP"); a plan that is designed with the input of parents, mental health professionals and involved educators to determine how the school district will provide a Free and Appropriate Public Education ("FAPE") in the Least Restrictive Environment ("LRE") for the student.  Plaintiff contends the plan that was developed failed to adequately address M.G.'s needs, failed to provide for an appropriate education of M.G. in the least restrictive environment, and failed to incorporate the independent S/L evaluation (Independent Educational Evaluation or "IEE") that was obtained by Plaintiff at her own expense.  Plaintiff declined to sign off on the proposed IEP and requested that M.G. receive an IEE  at Defendant's expense.

On January 19, 2010, District submitted a Request for Due Process (OAH Case No. 2010010583).  The questions submitted by Defendant for adjudication were:

1. May the District deny [Plaintiff] an independent educational evaluation (IEE) in speech and language because its assessment, presented on November 9, 2009, was conducted in compliance with the law?

2. May the District Deny [Plaintiff] an IEE on reading abilities because its assessments, presented on November 9, 2009, were conducted in compliance with the law?

3. Was the individualized education program (IEP) of November 9 and 16, 2009, for the 2010 extended school year (ESY) and 2010-2011 school year (SY) reasonably calculated to provide [Plaintiff] with meaningful educational progress?

Doc. 24 at 21:15-22 (quoting OH Decision at page 2).  The ALJ ruled in Plaintiff's favor with respect to the second question and ruled in District's favor with regard to the first and third questions.  This action followed.

As the court noted in its March 22 Order, Plaintiff's FAC somewhat confusingly states only a single "claim" in the section of the FAC denoted as "Claims" – the claim that Defendant violated the IDEA.  However, the court concluded after examination of the section of the FAC titled "Legal Basis for the Appeal" that Plaintiff's FAC alleges two substantive claims, both of which directly challenge the ALJ's prior decision.  The first of the claims

2

alleges that Defendants failed to provide M.G. with a FAPE in the LRE.  The second of the two claims challenges the ALJ's finding that Defendant the S/L evaluation conducted by Defendant was "appropriate."  Based on these two substantive claims, Plaintiff's FAC makes, *inter alia*, the following prayers for relief:

> (2) Tuition reimbursement for any and all monies that R.G. paid to provide M.G. an appropriate education in the least restrictive environment for the 2010-11 school year.  20 U.S.C. § 1415(i)(3)(b).
>
> (3) Compensatory education to compensate M.G. for the denial of an appropriate education in the least restrictive environment for the 2010-11 school year.
>
> (4) [Provide] services to compensate M.G. for direct speech and language services she has missed due to the District's failure to offer appropriate S/L services in its offered IEP.
>
> (5) Reimburse R.G. for the cost of the IEE she obtained at her own expense.
>
> (6)  [Provide] an academic program for M.G. that ensures that the program will provide her with meaningful benefit.

Doc. # 12 at 16.

 Defendant's Motion to Dismiss the FAC was filed on January 31, 2011.  Although Defendant's motion to dismiss Plaintiff's FAC characterized Plaintiff's FAC as alleging more "claims" than the court found, Defendant's motion to dismiss essentially challenged all of Plaintiff's claims against both the District and Mary Bass on both jurisdictional and substantive grounds.  The court's March 22 Order Dismissed all claims as to Mary Bass but otherwise denied Defendant's motion to dismiss all claims stated in the FAC or to strike the prayers for relief set forth in the FAC.  The court will not recount the particulars of its March 22 Order here but will refer to relevant portions of that document below as needed.  See generally Doc. # 19.

The instant motion for reconsideration was filed on April 22, 2011.  In the motion for reconsideration, Defendant specifically does *not* request reconsideration of the court's order denying dismissal as to (1) Plaintiff's claim seeking reversal of the ALJ's finding that Defendant's November 2009 Speech and Language ("S/L") assessment was appropriate, and

(2) the court's denial of dismissal as to Plaintiff's claim seeking reversal of the finding by the ALJ that the Individual Education Plan ("IEP") drafted by Defendant on November 5 and 19, 2009, represented a Free and Appropriate Public Education ("FAPE") in the Least Restrictive Environment ("LRE").

Defendant's request for reconsideration with regard to the court's decision to deny Defendant's motion to dismiss as to Plaintiff's claim challenging the ALJ determination that the S/L assessment by Defendant was appropriate.  The central contention of Defendant's motion is that Plaintiffs did not allege any facts related to the ALJ's decision that, if proven, would render the ALJ's conclusion erroneous.  Defendant's motion for reconsideration also requests the court reconsider its decision to deny Defendant's motion to strike Plaintiff's second, third, fourth and sixth prayers for relief.

The instant motion for reconsideration was filed on April 22, 2011.  Plaintiff's opposition was filed on May 10, 2011, and Defendant's reply was filed on May 16, 2011.  On May 20, 2011, the court vacated the date set for hearing and took the matter under submission.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

## DISCUSSION

"At the conclusion of a due process hearing, an aggrieved party may file a civil action on federal court challenging the decision rendered [by the OAH hearing officer].  20 U.S.C. §

1415(i)(2)(A). In such a case, the court's inquiry is twofold: (1) has the state complied with the procedures set forth in the Act, and (2) is the IEP reasonably calculated to enable the child to receive educational benefits." D.B. v. Bedford County Sch. Bd., 708 F.Supp.2d 564, 568-569 (W.D. Va. 2010) (citing Bd. of Educ. v. Rowley, 458 U.S. 176, 206-207 (1982). In adjudicating an appeal from an administrative decision regarding the rights of students with disabilities, the court is charged with receiving the record of the administrative proceeding which, in essence, forms the undisputed facts of the case." J.P. v. Rippon Unified Sch. Dist., 2009 WL 1034993 (E.D. Cal. 2009) at *2. "A summary judgment motion is the most pragmatic procedural mechanism for resolving IDEA cases." D.B., 708 F.Supp.2d at 569.

At the core of Defendant's motion for reconsideration is the argument that the court erred in its determination that Defendant's reliance on J.P. v. Rippon Sch. Dist. was misplaced. Defendant argues that J.P. "Stands for the proposition that a party may not challenge the adequacy of an agency assessment at any stage of any case for judicial review of IDEA matters in district court to support a claim for an IEE because J.P. endorsed the hearing officer's *legal* conclusion that disagreements with agency findings will not render the agency assessment improper." Doc. # 24 at 19:27-20:3 (italics added). The court disagrees.

In J.P. the parent objected to, among other things, the S/L assessment provided by the school district based primarily on the fact that the parent had no input to the assessment and, to a lesser extent, because the findings by the district's assessors were not entirely consistent. The J.P. court discounted the plaintiff's claim that parental input was not factored into the assessment based on documents incorporated in the administrative record. See generally, J.P., 2009 WL 1034993 at *6 -*7. The court also noted that "the fact that some findings noted by [the district's S/L assessors] were contradictory does not render *their* report inappropriate." Id. at *7 (italics added). The sentence just quoted, when read in context, does not state a legal proposition, it observes a factual conclusion. The court in J.P. carefully examined the administrative record in that case and came to the conclusion that the fact of

5

disagreement between two of the district's assessors was not enough to render the report inappropriate *in light of all the other facts derived from the administrative record that were noted in the same paragraph*.

With regard to civil actions brought in district court under the IDEA, 20 U.S.C. § 1415(i)(2)(C) provides as follows:

> In any action brought under this paragraph, the court –
>
> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

Id. If J.P. can be taken to support any legal proposition, it is the proposition that a district court generally must undertake an appeal from an unfavorable administrative decision with careful consideration of the full administrative record. Each of the court's findings in J.P. were made in that context and none of those findings support's the sweeping limitation on a plaintiff's right to judicial review that Defendant urges on this court.

It is significant that Defendant proffers no other case authority for its argument that disagreement between the parent/plaintiff and the administrative hearing officer is legally insufficient to allege a claim for relief in an appellate action in district court. Even if J.P. could be said to support the legal proposition Defendant contends, the case would nonetheless be distinguishable on factual grounds inasmuch as the basis for Plaintiff's disagreement in this case is the outcome of an independent S/L evaluation she procured at her own cost. The court concludes that Defendant has not put forward arguments of a convincing nature that would warrant reconsideration of the court's decision in its March 22 Order regarding Plaintiff's right to proceed to summary judgment regarding her challenge to the ALJ's finding that the S/L evaluation provided by Defendant was appropriate.

Defendants also move that the court reconsider its March 22 Order with regard to Plaintiff's second, third, fourth and sixth prayers for relief. The court will deny Defendant's

6

request for much the same reason as noted above.  Basically, the court finds Defendant's motion to strike potential remedies is procedurally improper.  As noted in the court's March 22 Order, the court's remedial powers are broad where there is a finding that the student was not provided with a FAPE in the LRE.  The thrust of the court's March 22 Order was that the court is not inclined to decide issues that represent subsets of the major issues on appeal on a piecemeal basis in the absence of a complete administrative record.  That remains the court's chosen approach.  In the present context, this means that the court must be concerned that litigation of the available remedial options prior to the time the court decides Plaintiff's substantive claims might unnecessarily complicate the court's consideration of the proper available remedies.  In short, it is a matter of keeping the horse before the cart.

In summary, the court is not inclined to take remedial options "off the table" in advance of the time the court determines that Plaintiff is or is not entitled to relief, and in the absence of a complete administrative record.  If Defendant is of the opinion that certain requested remedies are improper in light of the court's later substantive findings, Defendants will have ample opportunity to move to restrict the available remedies at that time.  The court finds that this approach serves the purposes of both judicial efficiency and relevant prudential concerns.  The court will permit a full consideration of the issue of what remedies are available if and when it has been determined that there is an entitlement to any remedy.

Contrary to Defendant's contention, there is no prejudice that arises from the court's approach.  As Defendant concedes, Plaintiff is entitled to proceed to summary judgment on the main underlying question of whether the ALJ correctly held that the IEP proposed by Defendant will provide Plaintiff with a FAPE in the LRE.  Summary judgment is based on the entirety of the administrative record plus other materials as may properly be submitted to augment the record.  20 U.S.C. § 1415(i)(2)(C)(ii).  Given that the issue of proper remedy will be reserved to follow the court's decision as to the merits of Plaintiff's substantive issues, it follows that Defendant's burden, both as to discovery and as to legal argument, will

be substantially the same whether or not Plaintiff's second, third, fourth and sixth prayers for relief are in play.

The court finds that reconsideration of its March 22 Order is not warranted.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendant's motion for reconsideration of the court's March 22 Order is hereby DENIED.

IT IS SO ORDERED.

Dated:   June 9, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE